UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 18-27-DLB

MAURICE ROBINSON                                                                                       PLAINTIFF

VS.                           **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, et al.,                                                       DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Maurice Robinson is a prisoner at the Federal Correctional Institution (FCI) in Manchester, Kentucky. Proceeding without a lawyer, Robinson recently filed a complaint alleging that, after he injured his ankle in July 2016, medical officials at the prison provided him with inadequate care and displayed deliberate indifference to his medical needs. (Doc. # 1). Robinson therefore brings claims against Medical Administrator Wilson, Registered Nurse Jackson, and the prison's Health Services Department pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Robinson argues that these defendants violated his constitutional rights and notes that he is suing Wilson and Jackson in both their official and individual capacities. Robinson also claims that these defendants and the United States are liable to him under the Federal Tort Claims Act (FTCA). Robinson is seeking money damages, among other remedies. This case is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

As an initial matter, although Robinson names the prison's Health Services Department as a defendant in this case, a *Bivens* action must be founded on the personal

1

involvement of the named defendants. *See FDIC v. Meyer*, 510 U.S. 471, 485 (1994). Thus, a plaintiff cannot pursue a *Bivens* claim against a federal agency or entity. *See Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). The Court will therefore dismiss Robinson's *Bivens* claim against the Health Services Department.

The Court will also dismiss Robinson's *Bivens* claims against Wilson and Jackson in their official capacities. That is because those claims are barred by sovereign immunity. The United States as a sovereign is generally immune from suit, *see United States v. Sherwood*, 312 U.S. 584, 586 (1941). This immunity extends to claims against government agents acting in their official capacities. *See Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). Although the United States can expressly waive its immunity, *see Sherwood*, 312 U.S. at 586, it has not done so in *Bivens* actions. *See Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989). Therefore, Robinson's *Bivens* claims against Wilson and Jackson in their official capacities are barred.

Finally, the Court will also dismiss Robinson's FTCA claims against Wilson, Jackson, and the Health Services Department. This is because Robinson may only assert a FTCA claim against the United States. *See Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).

This leaves Robinson's *Bivens* claims against Wilson and Jackson in their individual capacities, and his FTCA claim against the United States. The Court has conducted an initial review of these claims and concludes that they require a response from the defendants. Because the Court previously granted Robinson *pauper* status, the Clerk's Office and the United States Marshals Service (USMS) will serve Wilson, Jackson,

and the United States with a summons and copy of the complaint on Robinson's behalf. See Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

Accordingly, it is **ORDERED** as follows:

(1) Robinson's *Bivens* claim against the Health Services Department is **DISMISSED WITH PREJUDICE**;

(2) Robinson's *Bivens* claims against Wilson and Jackson in their official capacities are **DISMISSED WITH PREJUDICE**;

(3) Robinson's FTCA claims against Wilson, Jackson, and the Health Services Department are **DISMISSED WITH PREJUDICE**;

(4) Robinson's only remaining claims are his *Bivens* claims against Wilson and Jackson in their individual capacities and his FTCA claim against the United States. The Deputy Clerk **shall prepare** four (4) "Service Packets" for service upon Medical Administrator Wilson, Registered Nurse Jackson, and the United States of America. The Service Packets shall include:

    (a) a completed summons form;

    (b) the Complaint (Doc. # 1);

    (c) this Order; and

    (d) a completed USM Form 285;

(5) The Deputy Clerk **shall send** the Service Packets to the USMS in Lexington, Kentucky, and note the date of delivery in the docket;

(6) The USMS **shall** personally **serve** Medical Administrator Wilson and Registered Nurse Jackson at the Federal Correctional Institution in Manchester, Kentucky through arrangement with the Federal Bureau of Prisons;

(7) The USMS **shall serve** the United States of America by sending Service Packets by certified or registered mail to both the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky and the Office of the Attorney General of the United States in Washington, D.C.;

(8) Robinson must immediately advise the Clerk's Office of any change in his current mailing address. If Robinson fails to do so, the Court will dismiss his case; and

(9) If Robinson wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Robinson files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. The Court will disregard letters sent to the Judge's chambers or motions lacking a certificate of service.

This 6th day of March, 2018.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\Robinson 18-27-DLB Memorandum CDS.docx