**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

CIVIL ACTION NO. 18-27-DLB

MAURICE ROBINSON                                                                                    PLAINTIFF

VS.                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, et al.                            DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Maurice Robinson is a prisoner at the Federal Correctional Institution (FCI) in Manchester, Kentucky. Proceeding without a lawyer, Robinson filed a complaint alleging that, after he injured his ankle in July 2016, medical officials at the prison provided him with legally inadequate medical care. (Doc. # 1).

The Court conducted an initial screening of Robinson's complaint and dismissed some of his claims. That said, the Court permitted Robinson to proceed on his claims against Health Services Administrator (HSA) Angel Wilson and Registered Nurse (RN) Randy Jackson in their individual capacities. Robinson claims that these Defendants displayed deliberate indifference to his serious medical needs and, thus, violated his Eighth Amendment right not to have cruel and unusual punishment inflicted upon him. The Court also allowed Robinson to proceed on his Federal Tort Claims Act (FTCA) claim against the United States of America. (Doc. # 11).

The Defendants responded to Robinson's Complaint by filing a Motion to Dismiss his claims or, in the alternative, a Motion for Summary Judgment. (Doc. # 22). Ordinarily, Robinson would have been required to file a response to the Defendants' motion within

1

21 days.  *See* Local Rule 7.1(c).  However, given Robinson's pro se status, the Court extended that deadline.  The Court ordered Robinson to file his response to the Defendants' motion within 30 days, and it specifically warned him that if he failed to do so, the Court may dismiss his case.  (Doc. # 23 at 2).  Despite the Court's warning, more than 60 days have now passed, and Robinson still has not responded to the Defendants' dispositive motion.  This matter is now ripe for a decision.

As an initial matter, the Court will treat the Defendants' motion as one for summary judgment because they have attached and relied upon documents and declarations extrinsic to the pleadings.  *See* Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).  Notably, when, as here, the nonmoving party decides not to file a response, the Court still holds "the moving party to the burden established by the plain language of Rule 56."  *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 410 (6th Cir. 1992).  In other words, the Court "cannot grant summary judgment in favor of the movant simply because the adverse party has not responded."  *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).  Instead, the Court "is required, at a minimum, to examine the movant's motion for summary judgment to ensure he has discharged [his] burden." *Id.*  That said, the Court may "rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from the evidence demonstrate facts which are uncontroverted." *Guarino*, 980 F.2d at 410 (internal quotation marks omitted).

Given this standard, the Court will not restate Robinson's medical history at FCI Manchester.  Instead, the Court will rely on the Defendants' unrebutted recitation of the evidence, which is clearly laid out in their dispositive motion, *see* (Doc. # 22-1 at 6-11), and turn to its analysis of Robinson's claims.

Robinson first asserts Eighth Amendment deliberate-indifference claims against HSA Wilson and RN Jackson. Such a claim has two components: one objective and one subjective. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). To satisfy the objective component, the plaintiff must allege a sufficiently serious medical need. *Id.* To satisfy the subjective component, the plaintiff must allege facts which "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). Here, even if the Court assumes that Robinson has alleged a sufficiently serious medical need, he has not demonstrated that either HSA Wilson or RN Jackson acted with the culpable state of mind required to satisfy the subjective component of a deliberate-indifference claim.

With respect to HSA Wilson, the unrebutted evidence she submits shows that she manages and directs the administrative activities of a team of healthcare professionals at the prison. *See* (Doc. # 22-12 at 1-2). However, this same evidence also establishes that she neither treated Robinson nor was directly involved in making decisions about his medical care. *See id.* at 2; (Doc. # 22-10). Ultimately, since liability in a civil-rights action cannot be based solely on a theory of respondeat superior and, instead, must be premised on the personal involvement of the named defendant, *see Moore v. U.S. Dep't of Agric.*, No. 6:14-cv-114-DLB, 2015 WL 65182, *3 (E.D. Ky. 2015) (internal citations omitted), Robinson's Eighth-Amendment claim against HSA Wilson is simply unavailing.

It is true that Robinson alleges in his complaint that HSA Wilson "fail[ed] to timely respond to [his] serious medical need." (Doc. # 1 at 7). Specifically, Robinson alleges that he complained about his ankle to HSA Wilson during the afternoon meal on July 26, 2016, and, "[a]t that time, . . . Wilson told me to return to the housing unit and come to

3

sick call the next day." *Id.* at 5.  Robinson then claims that, the next day, he "hobbled to Health Services with the aid of another prisoner."  *Id.*  HSA Wilson's sworn declaration, however, contradicts Robinson's allegations, *see* (Doc. # 22-12 at 2), and HSA Wilson's other evidence makes it clear that Robinson reported to the prison's Health Services Department just five minutes after he allegedly hurt his ankle on July 26, 2016, and, at that time, a nurse assessed him, scheduled him for an x-ray, and gave him crutches.  (Doc. # 22-8 at 2).  Thus, despite Robinson's allegations to the contrary, the evidence in the record shows that HSA Wilson was not responsible for a delay in his treatment or otherwise deliberately indifferent to his medical needs.  Thus, the Court will grant HSA Wilson's motion for summary judgment.

Robinson has also not established that RN Jackson acted with deliberate indifference to his medical needs.  To be sure, Robinson alleges that, on July 27, 2016, RN Jackson "threatened to have me placed in the hole (a.k.a. Special Housing Unit/SHU) if I had someone else call Health Services or if I came back to Health Services again concerning my right ankle."  (Doc. # 1 at 5-6).  However, RN Jackson moves for summary judgment and, in support his motion, he puts forth a sworn declaration which directly contradicts Robinson's bare allegation.  (Doc. # 22-11 at 1-2).  Indeed, RN Jackson specifically states that he did not threaten Robinson for seeking medical services for his ankle, was not involved in treating Robinson on July 26 or 27, 2016, and did not even find out about Robinson's ankle injury until September 1, 2016, after other medical professionals examined Robinson and treated his ankle on multiple occasions.  *See id.*  RN Jackson also submits other evidence which further indicates that he first examined Robinson on September 1, 2016, *see* (Doc. # 22-8 at 3); (Doc. # 22-10 at 22), and there

is no evidence in the record that Robinson was ever punished for seeking medical attention.

In light of RN Jackson's summary judgment motion and supporting evidence, Robinson "cannot rest on [his] pleadings but must come forward with some probative evidence to support [his] claim." *Lansing Dairy, Inc. v. Epsy*, 39 F.3d 1339, 1347 (6th Cir. 1994); *see also United States v. WRW Corp.*, 986 F.2d 138, 143 (6th Cir. 1993) ("A trial court is not required to speculate on which portion of the record the non-moving party relies, nor is there an obligation to 'wade through' the record for specific facts."). Robinson, however, did not file any response whatsoever. Ultimately, the Court has fully examined RN Jackson's Motion for Summary Judgment and supporting evidence, and it is clear he has discharged his burden. Therefore, the Court will grant RN Jackson's Motion for Summary Judgment.

Finally, Robinson has also not made out a FTCA claim against the United States. Robinson claims that the prison staff provided him with medical care that fell below the applicable standard of care and caused his injuries, and therefore the United States is liable pursuant to the FTCA. Robinson cannot, however, survive the Defendants' Motion for Summary Judgment.

"[T]he FTCA does not *create* liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a 'private individual in similar circumstances.'" *Myers v. U.S.*, 17 F.3d 890, 899 (6th Cir. 1994) (citing 28 U.S.C. § 2674). Here, because the United States would not be liable under Kentucky law, Robinson has not made out a FTCA claim that would survive a motion for summary judgment. Under Kentucky law, a plaintiff is generally required to put forth expert testimony to establish the relevant standard of care, any breach of that standard, causation, and the resulting injury.

*See Blankenship v. Collier*, 302 S.W.3d 665, 667, 675 (Ky. 2010); *Jackson v. Ghayoumi*, 419 S.W.3d 40, 45 (Ky. Ct. App. 2012). Moreover, the Kentucky courts have clearly said that, "[t]o survive a motion for summary judgment in a medical malpractice case in which a medical expert is required, the plaintiff must produce expert evidence or summary judgment is proper." *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006). Here, Robinson has not provided any expert testimony and, thus, he has failed to establish a prima facie case of medical malpractice.

The Court recognizes that there is a "common knowledge" exception to the expert witness rule. This exception provides that, under certain limited circumstances, expert testimony may not be required in a medical malpractice case. *See id.* That exception only applies in a situation in which "any layman is competent to pass judgment and conclude from common experience that such things do not happen if there has been proper skill and care," and it is "illustrated by cases where the surgeon leaves a foreign object in the body or removes or injures an inappropriate part of the anatomy." *Id.*

Robinson's claim does not meet this very narrow exception. While Robinson argues that the prison staff was responsible for a delay during a critical time in his medical care, *see* (Doc. #1 at 9-10), this Court has recognized that "delay-based allegations . . . are fundamentally different from a surgeon leaving a foreign object in a person or operating on the wrong party of the body." *Earle v. United States*, No. 6:13-cv-184, 2016 WL 8814363, *6 (E.D. Ky. 2016). The Kentucky courts have said essentially the same thing. *See, e.g., Jones v. Gaes*, No. 2009-SC-780, 2011 WL 1642225, at *3 (Ky. 2011) (recognizing that, without expert testimony, a layperson is not competent to determine whether an alleged delay in treatment was the cause of a plaintiff's medical problems).

In short, the common knowledge exception is inapplicable and, thus, Robinson's FTCA claim does not even get off the ground.

In light of the foregoing analysis, it is hereby **ORDERED** as follows:

(1) Judgment is entered in favor of HSA Wilson and RN Jackson with respect to Robinson's Eighth Amendment deliberate-indifference claims;

(2) Judgment is entered in favor of the United States with respect to Robinson's FTCA claim;

(3) The Defendants' Motion for Summary Judgment (Doc. # 22) is **GRANTED**;

(4) The Defendants' Motion to Dismiss (Doc. # 22) is **DENIED AS MOOT**;

(5) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(6) The Court will enter a judgment contemporaneously with this order.

This 7th day of September, 2018.

Signed By:
*David L. Bunning*  DB
United States District Judge